**BAKER & HOSTETLER LLP**
Matthew C. Kane, SBN 171829
*mkane@bakerlaw.com*
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
Kerri H. Sakaue, SBN 301043
*ksakaue@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Telephone:  310.820.8800
Facsimile:   310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:  415.659.2600
Facsimile:   415.659.2601

Attorneys for Defendants MCLANE/SUNEAST, INC., MCLANE
FOODSERVICE, INC., MCLANE FOODSERVICE DISTRIBUTION, INC., and
*Special Appearing* Defendants MCLANE COMPANY, INC., MCLANE
BEVERAGE DISTRIBUTION, INC., MCLANE INTERSTATE WAREHOUSE,
INC., and MCLANE/WESTERN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARIS MCGOWAN, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> MCLANE COMPANY, INC., a Texas corporation; MCLANE BEVERAGE DISTRIBUTION, INC., a Texas corporation; MCLANE FOODSERVICE DISTRIBUTION, INC., a North Carolina corporation; MCLANE FOODSERVICE, INC., a Texas corporation; MCLANE INTERSTATE WAREHOUSE, INC., a Texas corporation; MCLANE/SUNEAST, INC., a Texas corporation; MCLANE/WESTERN, INC., a Colorado corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | CASE NO.  2:24-cv-02647 <br><br> [San Bernardino County Superior Court Case No. CIVSB2332427] <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** <br><br> [Filed concurrently with Civil Case Cover Sheet, Notice of Interested Parties] <br><br><br> Action Filed:        February 28, 2024 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2  **CENTRAL DISTRICT OF CALIFORNIA:**

3      PLEASE TAKE NOTICE that Defendants McLane/Suneast, Inc. ("MSE"),
4  McLane Foodservice, Inc. ("MFS"), McLane Foodservice Distribution, Inc.
5  ("MFSD"), and *Specially Appearing* Defendants McLane Company, Inc. ("MCI"),
6  McLane Beverage Distribution, Inc. ("MBD"), McLane Interstate Warehouse, Inc.
7  ("MIW"), and McLane/Western, Inc. ("MWI") (collectively, "Defendants"), by and
8  through their undersigned counsel, hereby remove the above-captioned action from the
9  Superior Court of the State of California in and for the County of San Bernardino (the
10 "State Court") to this Court on the grounds that this Court has original jurisdiction of
11 this action pursuant to the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)) and
12 traditional diversity jurisdiction (28 U.S.C. § 1332(a)), and on all other grounds for
13 jurisdiction to the extent applicable.  In support of this Notice of Removal, and in
14 accordance with 28 U.S.C. § 1446, Defendants aver as follows:

15             **STATUS OF THE PLEADINGS AND PROCESS**

16     1.      On February 28, 2024, Plaintiff Paris McGowan filed a putative Class
17 Action Complaint (the "Complaint") against Defendants in the State Court, styled as
18 *Paris McGowan, individually, and on behalf of other members of the general public*
19 *similarly situated v. McLane Company, Inc., a Texas corporation; McLane Beverage*
20 *Distribution, Inc., a Texas corporation; McLane Foodservice Distribution, Inc., a*
21 *North Carolina corporation; McLane Foodservice, Inc., a Texas corporation; McLane*
22 *Interstate Warehouse, Inc., a Texas corporation; McLane/Suneast, Inc., a Texas*
23 *corporation; McLane/Western, Inc., a Colorado corporation; and Does 1 through 100,*
24 *inclusive,* Case No. CIVSB2332427 (the "State Court Action").  A true and correct
25 copy of the Complaint is attached hereto as **Exhibit A**.

26     2.      On February 29, 2024, Defendants' respective registered agents for
27 service of process were personally served with copies of the Summons and Complaint.
28 True and correct copies of the Summons and Complaint, and every other process,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

pleading, and order served on Defendants are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---|---|
| **A** | Complaint |
| **B** | Summons - MSE |
| **C** | Summons - MCI |
| **D** | Summons - MBD |
| **E** | Summons - MFSD |
| **F** | Summons - MFS |
| **G** | Summons - MIW |
| **H** | Summons - MWI |
| **I** | Civil Case Cover Sheet |
| **J** | Certificate of Assignment. |

3.    Plaintiff's Complaint alleges eight (8) purported causes of action for: (1) violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);  (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (8) Violation of California Business & Professions Code §§ 17200, et seq.  Plaintiff purports to bring these causes of action on behalf of herself and "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the state of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  Exh. A, ¶ 13.

4.     Defendants are informed and believe that the following additional documents are also on file in the State Court Action, which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
| --- | --- |
| **K** | Plaintiff's Notice of Case Assignment and Initial Management Conference |
| **L** | Proof of Service of Summons – MCI |
| **M** | Proof of Service of Summons – MWI |
| **N** | Proof of Service of Summons – MFS |
| **O** | Proof of Service of Summons – MFSD |
| **P** | Proof of Service of Summons – MIW |
| **Q** | Proof of Service of Summons – MBD |
| **R** | Proof of Service of Summons – MSE |

5.     Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6.     Defendants are further informed and believe that there has been no service of process upon Defendants DOES 1 through 100, which are fictitious defendants to be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(a).

## **REMOVAL JURISDICTION – CAFA JURISDICTION**

### A.     STATEMENT OF JURISDICTION

7.     Defendants aver that this Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d)(2).

8.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, the matter in controversy exceeds $5 million exclusive of interest and costs, and the number of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

9.     There is no presumption against removal under CAFA.  *See, e.g.*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*") ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").  To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

10.    This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. § 1441(a), because: (1) the proposed class contains more than 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member (Plaintiff) and Defendants.

11.    Removal to this Court is proper because the action was filed and is pending in the Superior Court of the State of California in and for San Bernardino County, which is within this judicial district.  28 U.S.C. §§ 128(b), 1446(a).

12.    As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**B.     THIS ACTION IS A CLASS ACTION UNDER CAFA**

13.    Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —

(A)     any member of a class of plaintiffs is a citizen of a State different from any defendant; ….

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

14.     CAFA defines a "class action" to include civil actions filed under state statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action.  In the Complaint, Plaintiff alleges that "[t]his class action is brought pursuant to the California Code of Civil Procedure section 382."  Exh. A, ¶ 1; *see also id.*, ¶ 12 ("Plaintiff brings this action individually and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382. …"; *id.*, ¶¶ 12-16 ("Class Action Allegations").  Therefore, this action is a "class action" under CAFA.

### MINIMUM DIVERSITY OF CITIZENSHIP EXISTS

15.     Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

16.     **Plaintiff's Citizenship.**     The Complaint alleges that Plaintiff "is an individual residing in the State of California."  *See* Exh. A, ¶ 5; *see also id.*, ¶ 13 (defining the proposed class as "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the state of California...").  As such, Defendants are informed and believe that Plaintiff is a citizen of California for purposes of CAFA.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).[1]

17.     **Defendant MSE's Citizenship.**  As shown on the California Secretary of State's Business Entities Search website, MSE is a Texas corporation that maintains its corporate headquarters and principal place of business in Temple, Texas.  *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane/Suneast").  At

---

[1] *See also Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

its corporate headquarters in Temple, Texas, MSE's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.  Thus, MSE was not and is not a citizen of the State of California, but rather was and is a citizen of the State of Texas for the purpose of determining jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18.   **Specially Appearing Defendant MCI's Citizenship.**  As shown on the California Secretary of State's Business Entities Search website, McLane Company Inc. is a Texas corporation that maintains its corporate headquarters and principal place of      business      in      Temple,      Texas.      *See*      URL      at https://bizfileonline.sos.ca.gov/search/business (search for "McLane Company, Inc."). At its corporate headquarters in Temple, Texas, MCI's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.  Thus, MCI was not and is not a citizen of the State of California, but rather was and is a citizen of the State of Texas for the purpose of determining jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

19.   **Specially Appearing Defendant MBD's Citizenship.**  As shown on the California Secretary of State's Business Entities Search website, MBD is a Texas corporation that maintains its corporate headquarters and principal place of business in Temple, Texas.  *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane Beverage Distribution, Inc.").   At its corporate headquarters in Temple, Texas, MBD's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.  Thus, MBD was not and is not a citizen of the State of California, but rather was and is a citizen of the State of Texas for the purpose of determining jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

20.   **Defendant MFSD's Citizenship.**  As shown on the California Secretary of State's Business Entities Search website, MFSD is a North Carolina corporation that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

maintains its corporate headquarters and principal place of business in Temple, Texas. *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane Foodservice Distribution, Inc."). At its corporate headquarters in Temple, Texas, MFSD's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, MFSD was not and is not a citizen of the State of California, but rather was and is a citizen of the States of North Carolina and Texas for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

21. **Defendant MFS's Citizenship.** As shown on the California Secretary of State's Business Entities Search website, MFS is a Texas corporation that maintains its corporate headquarters and principal place of business in Temple, Texas. *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane Foodservice, Inc."). At its corporate headquarters in Temple, Texas, MFS's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, MFS was not and is not a citizen of the State of California, but rather was and is a citizen of the State of Texas for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

22. **Specially Appearing Defendant MIW's Citizenship.** As shown on the California Secretary of State's Business Entities Search website, MIW is a Texas corporation that maintains its corporate headquarters and principal place of business in Temple, Texas. *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane Interstate Warehouse, Inc."). At its corporate headquarters in Temple, Texas, MIW's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, MIW was not and is not a citizen of the State of California, but rather was and is a citizen of the State of Texas for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

23.   **Specially Appearing Defendant MWI's Citizenship.**  As shown on the California Secretary of State's Business Entities Search website, MWI is a Colorado corporation that maintains its corporate headquarters and principal place of business in Temple, Texas.  *See* URL at https://bizfileonline.sos.ca.gov/search/business (search for "McLane/Western, Inc.").   At its corporate headquarters in Temple, Texas, MWI's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there.  Thus, MWI was not and is not a citizen of the State of California, but rather was and is a citizen of the States of Colorado and Texas for the purpose of determining jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92-93.

24.   **Doe Defendants.**  DOES 1 through 100 are fictitious defendants whose citizenship is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

25.   Accordingly, because Plaintiff is a citizen of the State of California, while Defendants are a citizen of a state **other than California** for the purpose of determining CAFA jurisdiction, the minimum diversity requirement under CAFA is satisfied.  *See* 28 U.S.C. § 1332(d)(2) (providing that CAFA jurisdiction exists over any civil action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## C.   THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

26.   Defendants aver, based on the following calculations, that the amount in controversy ("AIC") exceeds $5,000,000.00 only for the purpose of establishing subject matter jurisdiction under CAFA.  Defendants' allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper.  *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'")

1    (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

2         27.   Consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of

3    removal need only contain plausible allegations to demonstrate the AIC. Evidentiary

4    submissions are ***not required*** unless and until the removing defendant's allegations are

5    contested by the plaintiff or questioned by the Court:

6         In sum, as specified in § 1446(a), a defendant's notice of removal need
     include only a plausible allegation that the amount in controversy exceeds
7         the jurisdictional threshold. Evidence establishing the amount is required
     by § 1446(c)(2)(B) only when the plaintiff contests, or the court
8         questions, the defendant's allegation.

9

10   *Dart*, 574 U.S. at 89.  This standard applies to complaints, like the Complaint in this

11   action, which do not allege or seek a specific amount of damages:

12        When plaintiffs favor state court and have prepared a complaint that does
     not assert the amount in controversy … the Supreme Court has said that
13        a defendant can establish the amount in controversy by an unchallenged,
     plausible assertion of the amount in controversy in its notice of removal.

14

15   *Ibarra*, 775 F.3d at 1197-98 (citing *Dart*).

16        28.   A plaintiff's complaint is a court's "first source of reference in

17   determining the amount in controversy." *LaCrosse*, 775 F.3d at 1202 (citing *St. Paul*

18   *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("*Red Cab*")). Here, in

19   determining the amount in controversy for purposes of removal, the ultimate inquiry is

20   what amount is put "in controversy" by Plaintiff's Complaint—not what a court or jury

21   might later determine to be the actual amount of damages, if any. *See, e.g.*, *Ibarra*,

22   775 F.3d at 1198 n.1 (defendants "are not stipulating to damages suffered" in a removal

23   petition, "but only estimating the damages that are *in controversy*," because

24   "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"

25   (emph. added)); *Red Cab*, 303 U.S. at 291 ("the status of the case as disclosed by the

26   complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance*

27   *Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in

28   controversy' … for jurisdictional purposes, [is] the sum put in controversy by the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

plaintiff's complaint").[2]

29.     Additionally, as confirmed by the Ninth Circuit in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), "the amount in controversy is not limited to damages incurred prior to removal … [r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief a court <u>may</u> grant on that complaint if the plaintiff is victorious*." *Id.* at 414-15 (emph. added); *see also id.* at 417-18 ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). Accordingly, the AIC properly includes <u>all</u> relief available to Plaintiff through the end of trial.

30.     Here, Plaintiff purports to bring this action on behalf of herself and the following putative class members ("PCMs"):

> All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

Exh. A, ¶ 13.  Plaintiff and the PCMs she seeks to represent seek, *inter alia*, allegedly unpaid overtime compensation, one additional hour of pay at the employees' regular rate of compensation for each workday their meal period was allegedly not provided, one additional hour of pay at the employees' regular rate of compensation for each workday their rest period was allegedly not provided, unpaid minimum wages, liquidated damages in an amount equal to the allegedly unpaid minimum wages, wage statement penalties, waiting time penalties, reimbursement of business expenses, actual damages, restitution under the UCL, and attorneys' fees under various provisions of the California Labor Code.  *See id.*, ¶¶ 50, 63, 72, 76-77, 82-83, 89, 93, 100 & Prayer

---

[2] *See also, e.g.*, *Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires the court to assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

for Relief, ¶¶ 5-50.

31.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for *all* class members exceeds five million dollars ($5,000,000.00).  *See* 28 U.S.C. § 1332(d).  Here, the amount in controversy based on the allegations in Plaintiff's Complaint exceeds that jurisdictional minimum.

## Size of Proposed Class

32.     According to the Complaint, the "class members are so numerous that joinder of all class members is impracticable."  Exh. A, ¶ 15.a.  More specifically, Plaintiff alleges that "the class is estimated to be greater than fifty (50) individuals…" *See id.*  Indeed, Defendant MSE alone <u>currently</u> employs more than 100 individuals at its facilities in California and has employed more than 100 employees during the putative class period as defined in the Complaint (*i.e.*, December 15, 2019 through present).  Therefore, the aggregate membership of the proposed class is *at least* 100 as required under CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).

## Amount in Controversy

33.     Defendants aver that the aggregate AIC for the above-described types of damages sought by Plaintiff for all of the PCMs exceeds $5,000,000.00, and, therefore the amount in controversy as sought in the Complaint exceeds CAFA's jurisdictional minimum.  *See* 28 U.S.C. § 1332(d).

34.     The claims of the individual class members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  *See* 28 U.S.C. §§ 1332(d)(6), (11).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the Defendants, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.[3]

### *Fifth Cause of Action: Waiting Time Penalties*

35.     In support of her Fifth Cause of Action for waiting time penalties, Plaintiff alleges that, as a pattern and practice, Defendants "intentionally and willfully failed to pay Plaintiff and other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ... in violation of California Labor Code sections 201 and 202" Ex. A, ¶¶ 80-81.  Plaintiff also contends Defendants "knew or should have known that Plaintiff and other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation."  Exh. A. ¶ 30.  Accordingly, pursuant to Cal. Lab. Code § 203, Plaintiff seeks statutory penalty wages for each day they were allegedly not paid, up to the thirty (30) day maximum. *Id*. at ¶ 83.

36.     There are 1,264 PCMs whose employment ended during the applicable three-year statute of limitations period ("3-Year SOL Period").  Moreover, those PCMs' average base regular hourly rate of pay during that 3-Year SOL Period was $21.50 per hour and they worked an average of 6.51 hours per workday.

37.     Consequently, Defendants calculate the amount in controversy on Plaintiff's claim for waiting time penalties for separated PCMs to be at least

---

[3] *See* S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case ... Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

**$5,310,811.40** [1,264 PCMs x 6.51 average hours per day for separated PCMs x $21.50 hourly rate x 30 days)].[4] *See, e.g.*, *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) (reasonable to assume all terminated employees suffered at least one incident of underpayment such that penalties were properly calculated).

### *Sixth Cause of Action: Wage Statement Penalties*

38.     In support of her Sixth Cause of Action for wage statement penalties, "Plaintiff alleges that, Defendants have intentionally and willfully failed to provide Plaintiff and other class members (but not all) with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members." Ex. A, ¶ 86.  This claim is subject to a one-year statute of limitations ("1-Year SOL Period").

39.     Plaintiff further alleges, ***without qualification***, that she "and other class members have been injured by Defendants' intentional and willful violation of

---

[4] Based on the Complaint's allegations, Defendants' 30-day assumption is reasonable.  *See* Complaint, ¶ 70 (alleging Defendants failed to pay all unpaid wages upon separation of employment and further failed to pay those sums for 30 days thereafter); *see also, e.g., Marentes v. Key Energy Servs. Cal, Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the [PCMs]"); *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) ("[A]s there is nothing in the complaint [] to suggest that Defendants paid employees these unpaid wages at some point … awarding penalties for the entire 30 day period is reasonable."); *see also, e.g., Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *4 (C.D. Cal. July 28, 2017) (assumed 30-day period was reasonable); *Calderon v. BKB Constr., LP*, 2017 WL 2618094, at *6 (N.D. Cal. June 16, 2017) (reasonable to assume 30-day period when five months elapsed between last day of work and filing complaint).  Indeed, given the Complaint's allegations, it is reasonable to assume that ***each*** PCM incurred unpaid/underpaid time in *some* amount *at least once* during the relevant time period, and a *single* incident of underpayment to each PCM is sufficient to trigger Section 203 penalties for the *entire* 30-day period for *all* PCMs.  *See, e.g., Altamirano*, 2013 WL 2950600, at *12 (based on the allegations, reasonable to assume all terminated employees suffered one incident of underpayment and awarding penalties for 30-day period); *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019) (accepting assumption that terminated PCMs suffered at least one violation based on allegations of "uniform policy and practice," which resulted in amounts not paid at termination).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a)." Ex. A, ¶ 88.

40. Under Cal. Lab. Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to provide accurate itemized wage statements in violation of Section 226 is entitled to recover the greater of all actual damages *or* fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) *per employee*. This type of claimed violation is normally subject to a one-year statute of limitations.

41. Based on the foregoing, Plaintiff alleges that she and other PCMs are "entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." Id. at ¶ 89.

42. Here, 1,240 PCMs who were employed during the 1-Year SOL Period were issued 18,200 wage statements that included payment of earned wages for actual hours worked (i.e., excluding wage statements with payment for only paid time off or similar "hours"). Based on the Plaintiff's allegations, a 100% violation rate is properly applied to Plaintiff's wage statement violations claim, and courts have routinely accepted use of a 100% violation rate based on allegations similar to Plaintiff's here. Indeed, it is also "reasonable" for Defendants to assume that each of the 18,200 wage statements issued to the 1,240 PCMs "was inaccurate because the [C]omplaint contains a comprehensive list of possible errors the wage statements allegedly had, and the [C]omplaint states that defendant[s] 'knowingly and intentionally' failed to correct [their] 'unlawful practices and policies.'" *Rapisura v. BMW of N. Am., LLC*, 2022 WL 1557001, at *5 (E.D. Cal. May 17, 2022); *see also* Exh. A, ¶¶ 86-88.

43. Therefore, Defendants calculate the amount in controversy on Plaintiff's wage statement violations claim to be at least **$1,758,000**, calculated as follows: [1,240

1    initial wage statements x $50] + [(18,200–1,240 subsequent wage statements) x $100].

2    ### *Statutory Attorneys' Fees*

3    44.    Plaintiff also seeks statutory attorneys' fees under various provisions of
4    the California Labor Code in connection with the causes of action alleged in the
5    Complaint. *See, e.g.*, Exh. A, ¶¶ 50, 76, 100 & Prayer for Relief at ¶¶ 8, 15, 26, 43,
6    48.

7    45.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they
8    are appropriately part of the calculation of the "amount in controversy" for purposes
9    of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th
10   Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt
11   G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an
12   underlying statute authorizes an award of attorneys' fees, either with mandatory or
13   discretionary language, such fees may be included in the amount in controversy.").
14   Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or
15   contract when assessing whether the amount-in-controversy requirement is met."
16   *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he
17   amount in controversy is determined by the complaint operative at the time of removal
18   and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is
19   victorious." (emph. added)).

20   46.    Where, as here, a common fund recovery is sought, the Ninth Circuit uses
21   a benchmark rate of 25% of the total potential award as an estimate for attorneys' fees.
22   *See*, *e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit
23   has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin.
24   Servs.*, 331 F. App'x 452, 457 (9th Cir. 2009) (finding 25% of total award, rather than
25   25% of amount actually collected by the class, "was proper, and in line with Ninth
26   circuit precedent").[5]    Thus, utilizing Defendants' calculation of the amount in

27   _____

28   [5] *See also, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("'[A]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

controversy on *only* Plaintiff's claims for relief described above and the 25% benchmark for attorneys' fees used in the Ninth Circuit, Defendants conservatively calculate the amount in controversy on Plaintiff's statutory attorneys' fees claims to be at least **$1,767,202.85** [($5,310,811.40 + 1,758,000) x 25%].

### Summary of CAFA AIC

47.     Based on the foregoing, the amount in controversy on Plaintiff's Fifth and Sixth Causes of Action and claims for attorneys' fees thereon only, is not less than **$8,836,014.25**, which exceeds the CAFA jurisdictional threshold [$5,310,811.40 + $1,758,000 + $1,767,202.85].[6]

### NO CAFA EXCEPTIONS APPLY

48.     CAFA contains a number of exceptions to its grant of original jurisdiction, *see* 28 U.S.C. §§ 1332(d)(3)-(5), but none of these exceptions are applicable here.

49.     The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  *See* 28 U.S.C. § 1332(d)(3). However, the exception *only* applies where the "primary defendants are citizens of the State in which the action was originally filed."  *See id.*  Here, the action was originally filed in the Superior Court of the State of California and, as noted above, Defendants are not citizens of California.  Thus, this exception does not apply.

50.     Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to

_____

litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'"); *Hamilton v. Wal-Mart Stores Inc.*, 2017 WL 4355903, at *5-6 (C.D. Cal. Sept. 29, 2017) (CAFA wage and hour case using an estimated fee award of 25% of the plaintiff's damages in calculating the AIC); *Gutierrez v. Stericycle, Inc.*, 2017 WL 599412, at *17 (C.D. Cal. Feb. 14, 2017) (CAFA wage and hour case noting that "it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims."); *Fong v. Regis Corp.*, 2014 WL 26996, at *7 (N.D. Cal. Jan. 2, 2014) ("Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages.").

[6] Defendants expressly reserve and do not waive their right to amend this Notice of Removal and/or offer evidence as to additional and/or different amounts in controversy on any or all of Plaintiff's causes of action alleged in the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CAFA's grant of original jurisdiction based on the number of putative class members in the state in which the action was filed (including the so-called "local controversy exception"). However, these exceptions also apply *only* where all primary Defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Given that this action was originally filed in California, and Defendants are not a citizen of California, these exceptions also do not apply.

51. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions applicable to actions where defendants are states, state officials, or governmental entities, or in which the putative class contains less than 100 members in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(A)-(B). Given that Defendants are not a state, state official, or governmental entity, and the above-described data establishes that the putative class in fact *exceeds* 100 members, these exceptions also do not apply.

## REMOVAL JURISDICTION – TRADITIONAL DIVERSITY JURISDICTION

52. In addition to CAFA removal jurisdiction, Defendants aver that this Court also has original traditional diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is one which may be removed to this Court, because (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

53. MSE's payroll, employment, and operational data for Plaintiff was used and analyzed to determine the traditional diversity jurisdiction AIC for purposes of this Notice of Removal.[7] Data for that four-year period can be summarized as follows:

    (a) For the four-year statute of limitations period ("4-Year SOL Period") from December 15, 2019 through December 15, 2023:

---

[7] If challenged, Defendants expressly reserve and do not waive their rights to supplement and/or amend their removal submissions to rely on additional data and/or claims for which no calculations have yet been proffered in calculating the AIC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

      (i)    Plaintiff worked a total of 278 workdays;

      (ii)   Plaintiff's average base regular rate of pay was $22.06 per hour; and

      (iii)  Plaintiff worked an average of 8.02 hours per day.

  (b)  For 3-Year SOL Period from December 15, 2020 through December 15, 2023:

      (i)    Plaintiff was paid a final base regular rate of pay of $25.00; and

      (ii)   Plaintiff worked an average of 10.5 hours per day at the time of her termination.

  (c)  For 1-Year SOL Period from December 15, 2022 through December 15, 2023, Plaintiff was issued 25 wage statements.

54.    **Failure to Pay Minimum Wages.**  Plaintiff alleges, *without qualification*, that Defendants "engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California," which "involved, inter alia, failing to pay for all hours worked…." Exh. A, ¶ 24. Based on such allegations, Defendants conservatively estimate that Plaintiff is going to allege that he worked off-the-clock approximately 0.20 hours per day. As set forth above, Defendants' timekeeping and payroll data reflect that Plaintiff worked a total of 278 days during which the average minimum wage rate was $15.25 per hour. Therefore, Defendants calculate the AIC on Plaintiff's claim for minimum wage violations to be approximately **$847.90**, calculated as follows: 278 workdays x $15.25 minimum wage x 0.20 hours = $847.90.

55.    **Failure to Pay Overtime Premiums.**  Plaintiff alleges, *without qualification*, that he did not "receiv[e] wages for overtime compensation." *Id..*, ¶ 25. Based on such allegations, and that Plaintiff worked an average of 8.02 hours per day, Defendants conservatively estimate that Plaintiff is going to allege that he worked at least 0.02 hours of overtime each day for which he was not paid an overtime *premium*. As set forth above, Defendants' timekeeping and payroll data reflect that Plaintiff

worked a total of 278 days at an average base regular wage rate of $ 22.06 per hour. Therefore, Defendants calculate the AIC on Plaintiff's claim for overtime *premium* wage violations to be at least **$61.33**, calculated as follows: 278 workdays x ($22.06 base regular rate x 0.5 overtime premium) x 0.02 hours = $61.33.

56.    **Failure to Provide Meal Periods.**    Plaintiff alleges, *without qualification*, that Defendants "failed to provide Plaintiff … the required … meal periods…." *Id.*., ¶ 26.  Based on Plaintiff's allegations of meal break violations and Defendants' timekeeping and payroll data reflecting that Plaintiff worked a total of 278 days during the 4-Year SOL Period and was paid an average base regular rate of $22.06 per hour, and reasonably utilizing a 100% violation rate for the reasons discussed above, Defendants calculate the AIC on Plaintiff's individual claim for meal break violations to be **<u>$6,132.68</u>** (278 workdays x $22.06).

57.    **Failure to Provide Rest Periods.**  Plaintiff alleges, *without qualification*, that Defendants "failed to provide Plaintiff … the required rest … periods…." *Id.*., ¶ 26.   Based on Plaintiff's allegations of rest break violations and Defendants' timekeeping and payroll data reflecting that Plaintiff worked a total of 278 workdays during the 4-Year SOL Period and was paid an average base regular rate of $22.06 per hour, and reasonably utilizing a 100% violation rate for the reasons discussed above, Defendants calculate the AIC on Plaintiff's individual claim for rest break violations to be **<u>$6,132.68</u>** (278 workdays x $22.06).

58.    **Waiting Time Penalties.**  Plaintiff alleges, *without qualification*, that he "did, in fact, not receive [wages owed to him] at the time of [his] discharge or resignation." *Id.*., ¶ 30.  Plaintiff seeks to recover "the statutory penalty wages for each day [he] [was] not paid, up to the thirty (30) day maximum…." *Id.*., ¶ 83.  This claim is subject to a three-year statute of limitations.  As set forth above, Plaintiff's final base regular rate at termination was $25.00 per hour.  Conservatively utilizing a 8-hour workday at termination, and reasonably assuming that Plaintiff will seek the full 30 days' worth of penalties, the AIC on Plaintiff's waiting time penalties claim is

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    approximately  **$6,000.00**, calculated as follows: $25.00 x 8 hours x 30 days.

2    59.   **Wage Statement Penalties.**  Plaintiff alleges, *without qualification*, that

3    he **"did not receive complete and accurate wage statements from Defendants"** and that

4    the **"deficiencies included, inter alia, the failure to include the total number of hours**

5    **worked by Plaintiff…."**  *Id..*, ¶ 31.   Plaintiff seeks to recover statutory penalties

6    pursuant to Cal. Lab. Code § 226(e), which provides for recovery in an amount equal

7    to fifty dollars per employee ($50) for the initial pay period in which a violation occurs

8    and one hundred dollars ($100) per employee for each violation in a subsequent period,

9    not to exceed $4,000 per employee.  *Id..*, ¶ 89.   This claim is subject to a one-year

10   statute of limitations.  As set forth above, Plaintiff received 25 wage statement during

11   the 1-Year SOL Period.   Therefore, Defendants calculate the AIC on Plaintiff's

12   inaccurate wage statement claim to be approximately  **$2,450.00**, calculated as follows:

13   ($50 x 1 initial violation) + ($100 x 24 subsequent violations).

14   60.   **Statutory Attorneys' Fees.**  Based on the experience of defense counsel,

15   Defendants conservatively estimate that Plaintiff's counsel will spend (a) at least **100**

16   hours litigating Plaintiff's *individual* claims on written discovery and related motions

17   (35 hours), non-expert depositions (20 hours), non-discovery motion practice,

18   including dispositive motions (40 hours), and expert witness discovery and depositions

19   (5 hours); and (b) at least **50** additional hours prosecuting those claims at trial or

20   arbitration (40 hours) and engaging in post-trial or post-arbitration motions (10 hours).

21   Thus, **$75,000** of attorneys' fees for 150 hours (100+50) of conservatively estimated

22   time for reasonably projected work to litigate Plaintiff's individual claims at a

23   reasonable estimated average hourly rate of $500 per hour—exclusive of the lodestar

24   *multiplier* that Plaintiff's counsel undoubtedly will seek as well—is a reasonable

25   calculation of the estimated AIC for such recovery sought by Plaintiff on her individual

26   claims.

27   61.   **Summary of AIC on Plaintiff's Individual Claims.**  Based on the

28   foregoing, the AIC on Plaintiff's individual claims alleged in the Complaint is not less

than **$96,079.12**, which exceeds the $75,000 traditional diversity jurisdiction threshold:[8]

| **Cause of Action / Claim** | **AIC** |
|---|---:|
| Unpaid Minimum Wages | $847.90 |
| Unpaid Overtime Premiums | $61.33 |
| Meal Period Violations | $6,132.68 |
| Rest Period Violations | $6,132.68 |
| Waiting Time Penalties | $6,000.00 |
| Wage Statement Penalties | $2,450.00 |
| Statutory Attorneys' Fees | $75,000.00 |
| **TOTAL AIC:** | **$96,624.59** |

## **VENUE**

62.     Venue lies in this Court because Plaintiff's action was filed in the Superior Court of California, County of Los Angeles, and is thus pending in this district and division.  Accordingly, Defendants are entitled to remove this action to the Superior Court of the State of California for the County of San Bernardino.  *See* 28 U.S.C. § 1441(a).

## **TIMELINESS OF REMOVAL**

63.     This removal is timely under 28 U.S.C. § 1446(b) and/or under CAFA, and this case has not previously been removed to federal court.  28 U.S.C. § 1446(b)(1), (2)(A).

64.     The Ninth Circuit has held and clarified that removal is timely under CAFA <u>at any time</u> so long as (1) the face of the complaint does not plainly allege all elements needed for CAFA jurisdiction (including the amount in controversy), and (2)

---

[8] Defendants expressly reserve and do not waive their right to amend this Notice of Removal and/or offer evidence as to additional and/or different amounts in controversy on any or all of Plaintiff's causes of action alleged in the Complaint.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

plaintiffs have not served some other "paper" that concedes all elements needed for CAFA jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant").[9]

65.     Here, the Complaint does not plainly allege all elements needed for removal under CAFA, and Plaintiff has not served some other "paper" that concedes all elements needed for such removal.  Therefore, this removal is timely under CAFA pursuant to 28 U.S.C. § 1446(b)(3) and Ninth Circuit authority.

## RESERVATION OF RIGHTS

66.     Defendants expressly reserve and do not waive their right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy on any or all of Plaintiff's causes of action alleged in the Complaint.  Additionally, Defendants assume that the proposed class is as defined by Plaintiff in the Complaint for purposes of this Notice of Removal only, but expressly reserves and do not waive its position that the proposed class definition is improper and/or cannot be certified.

67.     In addition, nothing in this Notice of Removal is intended to be or should be construed as any type of express or implied admission by Defendants of any fact, of

---

[9] *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth*) ("We also recently held in *Roth v. CHA Hollywood Med. Ctr., L.P.*, that the two 30-day periods are not the exclusive periods for removal…. In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."); *Taylor v. Cox Commc'ns California, LLC*, 673 F. App'x 734, 735 (9th Cir. 2016) ("We also hold that Defendants' second Notice of Removal was timely. 'A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.'").

the validity or merits of any of Plaintiff's claims, causes of action, or allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

## <u>NOTICE TO PLAINTIFF AND THE STATE COURT</u>

68.    Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Proof of Service.  *See* 28 U.S.C. § 1446(d).  A copy of this Notice of Removal will also be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.  *See id.*

**WHEREFORE**, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

Dated:    April 1, 2024          **BAKER & HOSTETLER LLP**

By:    */s/ Matthew C. Kane*
       Matthew C. Kane, Esq.
       Sylvia J. Kim, Esq.
       Amy E. Beverlin, Esq.
       Kerri H. Sakaue, Esq.

Attorneys for Defendants MCLANE/ SUNEAST, INC., MCLANE FOODSERVICE, INC., MCLANE FOODSERVICE DISTRIBUTION, INC., and *Special Appearing* Defendants MCLANE COMPANY, INC., MCLANE BEVERAGE DISTRIBUTION, INC., MCLANE INTERSTATE WAREHOUSE, INC., and MCLANE/WESTERN, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CERTIFICATE OF SERVICE

*Paris McGowan v. McLane/Suneast, Inc., et al.*

I, Nancy L. Brazil, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067-4508. On April 1, 2024, I served a copy of the within document(s):

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

| | |
|---|---|
| ☑ | **VIA EMAIL:** by transmitting via electronic mail the document(s) listed above to the e mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error. |
| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

Douglas Han
Shunt Tatavos-Gharajeh
Talia Lux
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone:  818.230.7502
Facsimile:   818.230.7259
*Emails*       dhan@justicelawcorp.com
                   statavos@justicelawcorp.com
                   tlux@justicelawcorp.com

*Attorneys for Plaintiff*
PARIS MCGOWAN

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATE OF SERVICE

1
2

   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

3

   Executed on April 1, 2024, at Los Angeles, California.

4
5
6

Nancy L. Brazil

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATE OF SERVICE